UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY A. DAVIS, | : | Case No. 1:09-cv-789 |
| | : | |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| THE KROGER CO., | : | |
| | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 18) BE DENIED

Plaintiff initiated this action on November 2, 2009 by filing a *pro se* complaint (Doc. 3) against The Kroger Co., ("Kroger") stemming from his alleged improper termination. Now before the Court is Defendant's motion to dismiss (Doc. 18) and the parties' responsive memoranda (Docs. 19, 21).

Pursuant to Federal Rules of Civil Procedure 4(i) and (m), Plaintiff was required to perfect service on Kroger within 120 days, or by March 2, 2010. Plaintiff sent copies of the complaint to an address that he believed was The Kroger Company, but in fact was TALX Employer Services, a company that represents Kroger in unemployment compensation disputes. (Doc. 21, Ex. 2). An employee at TALX signed for delivery, and the Court docketed an executed summons that purportedly indicated that Plaintiff had perfected service. (Doc. 8).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Subsequently, Kroger received a copy of the complaint from a law firm (not affiliated with Kroger's counsel in the instant case) as part of a solicitation to become Kroger's legal counsel. Upon reviewing the complaint, Kroger filed an answer. (Doc. 9). However, Kroger still had not been properly served with a copy of the complaint or summons. Because service of process was not perfected in accordance with the provisions of Fed. R. Civ. P. 4, Defendant filed this motion to dismiss.

The Federal Rules of Civil Procedure regarding service are mandatory. *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982); *Wallace v. Cannon*, 357 F.2d 557 (8th Cir. 1966); *Messenger v. United States*, 231 F.2d 328 (2nd Cir. 1956). If the requirements for valid service of process specified in the Federal Rules of Civil Procedure have not been met, then the Court cannot acquire jurisdiction over the defendant and the action must be dismissed. *Light v. Wolf*, 816 F.2d 746 (D.C. Cir. 1987); *Queens County Group of Savings & Loan Assn. v. Home Loan Bank Bd.*, 104 F. Supp. 396 (E.D. N.Y. 1952).

Moreover, pursuant to Fed. R. Civ. P. 4(m), a Plaintiff must complete service in the manner directed by Rule 4(i) within 120 days of the filing of the complaint. The law is clear in the Sixth Circuit that a suit is properly dismissed where service has not been made within 120 days and there has been no showing of good cause why service has not been perfected. *See Moncrief v. Stone*, 961 F.2d 595 (6th Cir. 1992); *Wilson v. Grumman Ohio* Corp., 656 F. Supp. 689 (N.D. Ohio 1985), *aff'd*, 815 F.2d 26 (6th Cir. 1987);

*Sorrells v. Gattison*, 644 F. Supp. 124, 126 (N.D. Ohio 1986).

In consideration of the well established legal principal that cases should be decided on the merits and not on procedural technicalities, Plaintiff should have additional time to perfect service. *See, e.g., Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). Taking into consideration Plaintiff's *pro se* status, the undersigned finds that a short additional time period within which Plaintiff must perfect service will not prejudice Defendant.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 18) be **DENIED**, and Plaintiff should be granted **21 DAYS** to perfect service upon The Kroger Co. If Plaintiff were subsequently to fail to perfect service timely, it could be recommended that this civil action be dismissed for lack of service.


Date: 5/26/10, nunc pro tunc 5/13/10,                s/ Timothy S. Black
reflecting work as the assigned                      Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| ANTHONY A. DAVIS, | : | Case No. 1:09-cv-789 |
|---|---|---|
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| THE KROGER CO., | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).