IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony A. Davis,                )
                                 )
          Plaintiff,             ) Case No. 1:09-CV-789
                                 )
     vs.                         )
                                 )
Kroger Co., Inc.,                )
                                 )
                                 )
          Defendant.             )

O R D E R

This matter is before the Court on Defendant Kroger Company, Inc.'s motion to dismiss (Doc. No. 18), Magistrate Judge Black's[1] Report and Recommendation of May 26, 2010 recommending that the motion to dismiss be denied (Doc. No. 24), and Defendant's objections to the Report and Recommendation (Doc. No. 25).  For the reasons that follow, Defendant's objections are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Defendant's motion to dismiss is not well-taken and is **DENIED.**

On November 2, 2009, Plaintiff, proceeding in forma pauperis, filed a complaint suing Defendant Kroger Company, Inc. ("Kroger") for race discrimination following the termination of his employment.  Plaintiff, however, directed service of the summons and the complaint to a third party not authorized to accept service on behalf of Kroger.  Consequently, Plaintiff

---

[1]   Now District Judge Black.

failed to perfect service within 120 days of the filing the complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.  Kroger, therefore, filed a motion to dismiss the complaint for failure to perfect timely service of the summons and complaint.  In his Report and Recommendation, Judge Black recognized that dismissal of the complaint is generally required where the plaintiff fails to perfect timely service, but concluded that Plaintiff ought to be given a brief extension to re-serve the complaint given his pro se status and in light of the general policy to resolve cases on their merits instead of on procedural technicalities.  Accordingly, Judge Black recommended against dismissing the complaint and for granting Plaintiff an additional 21 days to perfect service.

Kroger now objects to Judge Black's Report and Recommendation because he concluded that Plaintiff should be granted an extension despite failing to show good cause to serve the summons and complaint within the time required.  The Court reviews de novo a magistrate judge's report and recommendation on a dispositive issue, such as Kroger's motion to dismiss.  Fed. R. Civ. P. 72(b).

Rule 4(m) of the Federal Rules of Civil Procedures states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that

> service be made within a specified time. But if the
> plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate
> period. This subdivision (m) does not apply to service
> in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). As can be seen, if the plaintiff fails to serve the summons and complaint within 120 days, the first sentence of Rule 4(m) requires the court to either dismiss the complaint <u>or</u> order that service be made within a specified time. If the plaintiff demonstrates good cause for the failure, the court <u>must</u> extend the time for service. Thus, the first sentence of Rule 4(m) does not require the court to find good cause before granting an extension whereas the second sentence compels the court to grant an extension if good cause has been shown. Indeed, the 1993 Advisory Committee notes state that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." The Supreme Court of the United States has also recognized that Rule 4(m) allows the district court to grant an extension to serve the summons and complaint without a showing of good cause. <u>Henderson v. United States</u>, 517 U.S. 654, 662 (1996) ("Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period "'even if there is no good cause shown.'").

      Under the circumstances, the Court concurs with Judge Black that Plaintiff should be afforded an additional brief

period of time to serve the summons and complaint even if, as Kroger contends, he has not shown good cause for his failure to do so heretofore.  As Judge Black noted, the general policy of the courts to resolve disputes on their merits is a compelling reason justifying a brief extension.  Moreover, after reviewing the pleadings, the Court is persuaded that Plaintiff was legitimately confused about the identity of Kroger's agent for service agent based on previous disputes with Kroger.  Finally, Kroger has not argued that it will be prejudiced if Plaintiff is granted additional time to serve the summons and complaint.

Accordingly, Kroger's objections to the Report and Recommendation are not well-taken and are **DENIED.**  The Court **ADOPTS** the Report and Recommendation.  Kroger's motion to dismiss is not well-taken and is **DENIED.**  Plaintiff shall perfect service of the summons and complaint on Kroger within twenty-one (21) days of the date of this order.  Failure to perfect service within this time will result in dismissal of the complaint.  No further extensions will be granted.

**IT IS SO ORDERED**

Date July 6, 2010                   s/Sandra S. Beckwith
                                    Sandra S. Beckwith
                            Senior United States District Judge