UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY A. DAVIS,         :      Case No. 1:09-cv-789

           :

      Plaintiff,       :      Beckwith, J.

           :      Wehrman, M.J.

    vs.            :

           :

THE KROGER CO.,       :

           :

      Defendant.     :

REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 38) BE DENIED
WITHOUT PREJUDICE AND THAT PLAINTIFF
BE PROVIDED 30 DAYS IN WHICH TO AMEND HIS COMPLAINT

Plaintiff Anthony Davis initiated this action by filing a *pro se* complaint on November 2, 2009 (Doc. 3) against The Kroger Co., ("Kroger") stemming from his alleged improper termination.  The defendant's motion for judgment on the pleadings (Doc. 38) and the parties' responsive memoranda (Doc. 40, 43) have been referred to the undersigned for initial consideration and a report and recommendation.  Having completed that review, I recommend that defendant's motion be denied, and that plaintiff be permitted a brief period of time in which to amend his complaint.

**I.  Background**

The court takes judicial notice of the fact that the above-captioned case is closely related to the case of *The Kroger Co. d/b/a State Avenue Grocery Products v. Local 390, Retail, Wholesale and Department Store Union, UFCW CLC*, Southern District of Ohio

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Case No. 1:10-cv-283. In that case, Kroger has filed suit seeking to overturn an Arbitration Award dated March 12, 2010 concerning the discharge grievance filed by the named plaintiff in this case. In the March 12, 2010 decision, the Arbitrator sustained the grievance and ordered that Davis be reinstated to his former position, with back pay and interest, less interim earnings. *See id*., Doc. 1 at ¶20 (Complaint). The Arbitrator held that nearly all of Davis's "points" or "marks" should not have been assessed against him because they were covered under the FMLA. *Id.* at ¶21.

In the above-captioned case, Davis has alleged that his former employer wrongly discharged him. According to plaintiff, Kroger assessed points against him based upon both his race and his disability, in violation of Title VII of the Civil Rights Act and in violation of the Americans with Disabilities Act. Plaintiff's complaint in this case also reflects that plaintiff checked the box to allege "retaliation" on his original EEOC form.

. **II. Analysis**

**A. The 12(c) Standard**

Pursuant to Federal Rules of Civil Procedure 12(c), a motion for judgment on the pleadings is proper where it is made "[a]fter the pleadings are closed - but early enough to not delay trial." The standard of review for judgment on the pleadings is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d. 291, 295 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v.*

*Winget*, 510 F.3d 577, 581 (6th Cir. 2007)(*quoting Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

A plaintiff is required under Fed. R. Civ. P. 8(a)(2) to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, in the last three years, the Supreme Court has brought greater focus to the pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974.  More recently in *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  at 1949.

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations.  *Id.*  The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth").  In this case, plaintiff's complaint alleges a single claim of employment discrimination based upon his race.

Absent direct proof of discrimination, a plaintiff seeking to establish a prima facie case of discrimination under the burden-shifting *McDonnell Douglas* analysis must show that: (1) he is a member of protected class; (2) he suffered an adverse employment

decision; (3) he was qualified for the position held; and (4) he was replaced by a person outside the protected class or was treated differently than a similarly situated non-protected employee. *See Russell v. Uniteversity of Toledo,* 537 F.3d 596, 604 (6th Cir. 2008)(additional citations omitted); *see also generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973).

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 122 S.Ct. 992, 997 (2002), the Supreme Court held that the *prima facie* standard enunciated in *McDonnell Douglas* was an "evidentiary standard" rather than a "pleading requirement." The *Swierkiewicz* Court held that Rule 8 does not require a plaintiff to plead facts sufficient to establish each element of his *prima facie* case. *Id.* at 511.  It remains an open question in the Sixth Circuit whether *Twombly* and *Iqbal* have effectively abrogated that portion of *Swierkiewicz.  See e.g. Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d. Cir. 2009) ("because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz.")*.  However, in this case plaintiff's complaint is deficient regardless of the standard applied.

### B.  Plaintiff's Factual Allegations

The complaint in this case is handwritten on a form supplied by the court to *pro se* litigants seeking to file federal employment discrimination claims.  The "Statement of Claim" portion of the form directs litigants to:

> State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places. ...If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Use as much space as you need.  Attach an extra sheet if necessary.

4

Plaintiff completed this portion of the complaint form by writing succinctly "see attached."  The "attachments" to which plaintiff refers include an undated letter/statement by plaintiff that explains that he requested time off under the FMLA due to a car accident, but that his employer wrongly assessed him "points" and subsequently fired him.  Plaintiff specifically alleges in this statement:

> I feel that the Kroger co. violated my rights.  I also believe they are discriminating against me because of my race.  They accepted my fmla [sic] and took it back in order to fire me after they couldn't find anything else to fire me for.  They also pointed me for days that they knew was lay off days which is illegal.

Also attached to plaintiff's complaint is a copy of plaintiff's EEOC charge in which he alleged that he was "subjected to racial comments," "was regarded as a person with a disability," and was "discharged and subjected to a hostile work environment/harassment because of my race and for complaining in violation of the Americans with Disabilities Act and Title VII...."  Additional attachments include correspondence from the EEOC advising plaintiff that investigation by that agency revealed insufficient evidence to warrant further processing of his charge, and a subsequent "Right to Sue" notice.  Because plaintiff's complaint in this court includes nothing more than a conclusory statement that Kroger discriminated against him based on his race, the complaint as written fails to state a plausible claim.

## C.  Leave to Amend

In consideration of the well-established legal principle that cases should be decided on the merits and not on procedural technicalities, plaintiff should be granted additional time to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2) (A court "should freely give leave" to amend "when justice so requires."). Taking into consideration

5

plaintiff's *pro se* status and the nature of the claim, the undersigned finds that a short additional time period within which plaintiff may amend his complaint will not prejudice the defendant.

In considering whether to permit plaintiff leave to amend, the court has considered plaintiff's response to the defendant's motion (Doc. 40), in which additional facts are alleged. The additional facts are not strictly considered in the context of defendant's motion for judgment on the pleadings, because the allegations are not part of the underlying complaint. However, to the extent that plaintiff files an amended complaint, he should include any additional *relevant* facts to establish his discrimination claim.

This decision is not intended to express any opinion on whether the allegations contained in plaintiff's response to defendant's pending motion are sufficient to rectify the obvious deficiencies in his current complaint. Nevertheless, if plaintiff chooses to amend, he would be well advised to include all elements of his claim, including his race, the reason(s) for his termination, and qualifications for the position he held. In addition, he should include the race, position, and circumstances of any other persons he claims are similarly situated to him, to the extent that he alleges that he was treated differently because of his race. Such factual allegations should provide some connection between his termination and plaintiff's status as a member in a protected class.

Courts have long construed the pleadings of pro se litigants liberally, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)(internal quotation marks and additional citations omitted). Nonetheless, even *pro se* plaintiffs must allege facts that

6

are sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.

**III.  Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED** that defendant's motion for judgment on the pleadings (Doc. 38) be **DENIED WITHOUT PREJUDICE TO RENEW** if plaintiff fails to adequately and timely amend his complaint as directed by separate order.

This 15th day of September, 2010.

/s  J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY A. DAVIS,** | : | **Case No. 1:09-cv-789** |
| | : | |
| **Plaintiff,** | : | **Judge Sandra S. Beckwith** |
| | : | **Magistrate Judge Wehrman** |
| **vs.** | : | |
| | : | |
| **THE KROGER CO.,** | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation (R&R) within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn.*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8