IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony A. Davis,            )
                             )
        Plaintiff,           ) Case No. 1:09-CV-789
                             )
   vs.                       )
                             )
The Kroger Company,          )
                             )
        Defendant.           )

O R D E R

This matter is before the Court on Defendant The Kroger Company's ("Kroger") motion for judgment on the pleadings (Doc. No. 38), Magistrate Judge Wehrman's Report and Recommendation of September 15, 2010 (Doc. No. 49) recommending that Kroger's motion to be denied without prejudice to renew, Kroger's objections to that Report and Recommendation (Doc. No. 53), and Kroger's objections (Doc. No. 62) to Magistrate Judge Litkovitz's order of December 30, 2010 (Doc. No. 59) directing the Clerk of Court to file Plaintiff's amended complaint.  For the reasons that follow, Kroger's objections to Magistrate Judge Wehrman's Report and Recommendation and Magistrate Judge Litkovitz's order are not well-taken and they are **OVERRULED.**  The Court **ADOPTS** Magistrate Judge Wehrman's Report and Recommendation.  Kroger's motion for judgment on the pleadings is **DENIED WITHOUT PREJUDICE TO RENEWAL.**

Proceeding pro se, Plaintiff Anthony Davis filed a complaint alleging that he was terminated from his job with

Kroger because of his race.  Kroger moved for judgment on the pleadings on the grounds that the complaint failed to state a claim for relief pursuant to Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  Judge Wehrman's Report and Recommendation agreed with Kroger's motion to the extent he determined that the complaint only contained conclusory allegations of race discrimination.  Nevertheless, Judge Wehrman concluded that in light of Plaintiff's pro se status and the nature of the claim, Kroger would not be prejudiced if Plaintiff were permitted to amend his complaint.  Plaintiff then filed a motion to amend his complaint which Judge Litkovitz deemed was moot in light of Judge Wehrman's Report and Recommendation that Plaintiff should be granted leave to amend and directed the Clerk of Court to file his amended pleading.

Kroger appreciates Judge Wehrman's Report and Recommendation to the extent that he found that the original complaint does not state a claim for relief, but objects to granting Plaintiff leave to amend.  Kroger's basic contention is that despite Plaintiff's pro se status, he had sufficient time and evidentiary materials at his disposal such that he should have filed an Iqbal-compliant complaint the first time and, therefore, should not be granted leave to amend.  Kroger then objects to Judge  Litkovitz's order directing the filing of Plaintiff's amended complaint.

This Court reviews Judge Wehrman's Report and Recommendation <u>de novo</u> since it concerns a dispositive matter. Fed. R. Civ. P. 72(b). The Court agrees with Judge Wehrman that Plaintiff should have at least one opportunity to amend his complaint.

Rule 15 states that the trial court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The thrust of Rule 15 "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." <u>Tefft v. Seward</u>, 689 F.2d 637, 639 (6th Cir. 1982). Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend. <u>Id.</u> at 639 n.2. Furthermore, there must be "at least some significant showing of prejudice to the opponent" if the motion is to be denied. <u>Moore v. City of Paducah</u>, 790 F.2d 557, 562 (6th Cir.1986). The case law of this Circuit manifests "liberality in allowing amendments to a complaint." <u>Id.</u> Absent undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or if allowing the amendment would be futile, a court should grant leave to amend. <u>Thiokol Corp. v. Department of Treasury</u>, 987 F.2d 376, 383 (6th Cir. 1993) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Kroger's opposition to Judge Wehrman's Report and Recommendation is not justified. Kroger does not argue that it

will suffer any prejudice if Plaintiff is permitted to amend his complaint.  Kroger in fact does not address any of the factors set forth in Thiokol concerning granting leave to amend.  Given the complete absence of even an allegation of prejudice to Kroger if Plaintiff is permitted to amend his complaint, Judge Wehrman correctly granted leave to do so.  In fact, this case seems materially indistinguishable from a recent case decided by the Sixth Circuit it which it sua sponte decided that a pro se plaintiff should be permitted to amend a complaint that was deficient under Iqbal.  See Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *4-*8 (6th Cir. Jan. 31, 2001).

      Accordingly, Kroger's objections to Magistrate Judge Wehrman's Report and Recommendation are not well-taken and **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  Kroger's motion for judgment on the pleadings is **DENIED WITHOUT PREJUDICE TO RENEWAL.**  It necessarily follows, therefore, that Magistrate Judge Litkovitz correctly directed the Clerk of Court to file Plaintiff's amended complaint.  Accordingly, Kroger's objections to that order are **OVERRULED.**

      **IT IS SO ORDERED**

Date February 25, 2011        s/Sandra S. Beckwith
                                   Sandra S. Beckwith
                        Senior United States District Judge